Hogan, Maureen B., J.
BACKGROUND
The plaintiff Manuel Kramer (“Kramer”) initially brought this action on May 20, 2003 against the Somerville Zoning Board of Appeals (“ZBA”) and the City of Somerville, appealing pursuant to G.L.c. 40A the grant of a special permit to Nextel Communications (“Nextel”) for the construction of wireless antenna facilities on the rooftop of 88 Beacon Street in Somerville, which building abuts the building at 94 Beacon Street, where the plaintiff owns a condominium. In his initial complaint, the plaintiff alleges that he did not receive notice of the public hearing conducted by the ZBA on Nextel’s application for a special permit, that the construction of these facilities obstructed his skyline view and diminished his property value, and that his due process rights under the Fourteenth Amendment of the United States Constitution were violated. On June 30, 2003, Kramer filed a Joined and Amended Complaint (“Amended Complaint”) asserting claims against Nextel, the permittee and owner of the structure; John Kovacs (“Kovacs”), a former employee of Nextel; 88 Beacon Street Realty, Inc., the owner of the building at 88 Beacon Street; Phil Privitera (“Privitera”), the lawyer who negotiated the lease for 88 Beacon Street Realty, Inc.; and Green-man-Pederson, Inc. (“GPI”), the architectural firm that designed the structure and created design documents used in the permit process (collectively “defendants”). The several counts of the Amended Complaint allege that these defendants engaged in a conspiracy and made misrepresentations to the ZBA to deceive the ZBA into granting the special permit and deprive the plaintiff of his rights and diminish the value of his property. The plaintiff seeks relief in the form of an injunction ordering the removal of the structure and compensatory damages.
The matter is before the Court on the motion for summary judgment of Nextel and Kovacs, the motion for summary judgment of 88 Beacon Street Realty, Inc. and Privitera, and the motion for summary judgment of GPI. After hearing and for the following reasons, the motions for summary judgment of Kovacs, 88 Beacon Street Realty, Inc., Privitera and GPI are ALLOWED. The motion for summary judgment of Nextel is ALLOWED in part and DENIED in part.
SUMMARY JUDGMENT STANDARD
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that it is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Aparty moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond with evidence establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. The nonmoving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). All evidence must be viewed in the light most favorable to the non-moving party. Williams v. Hartman, 413 Mass. 398, 401 (1992).
DISCUSSION
Supported by the evidence in the summary judgment record, the defendants have effectively demonstrated the absence of a genuine issue of fact as to whether the defendants conspired and as to whether they made any misrepresentation to the ZBA. Viewing the evidence and drawing all inferences in the light most favorable to the plaintiff, there is no evidence in the record that the defendants conspired, agreed or had a common design to injure the plaintiff, or engage in any wrongful or tortious act. See Aetna Cas. Sur. Co. v. P&B Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994); Gutierrez v. Mass. Bay Trans. Auth., 437 Mass. 396, 415 (2002); Fleming v. Dane, 304 Mass. 46, 50-51 (1939). Similarly, there is no evidence in the record that the defendants made any misrepresentations of fact to the ZBA. As demonstrated during his deposition and throughout the record, the plaintiff does not have evidence to prove the essential elements of his claims of conspiracy and misrepresentation against these *562 defendants. In opposing summary judgment, the plaintiff relies only on the allegations of his complaint, conclusory statements, and suppositions to support these claims. There being no triable issue on plaintiffs claims of conspiracy and misrepresentation against these defendants, they are entitled to summary judgment as a matter of law.
The plaintiffs claim against Nextel, however, survives in two respects. First, to the extent the plaintiff challenges the issuance of the permit and seeks in-junctive relief ordering the removal of the facilities which Nextel owns, the plaintiff has a valid claim against Nextel. Moreover, there is some evidence in the record showing that in applying for the special permit, Nextel submitted a list of abutting property owners that did not sufficiently identify the plaintiff and others living at 94 Beacon Street, which may have resulted in the ZBA failing to give notice to the plaintiff. Although there is no evidence that such submission was intentional or deceitful, this evidence may support a claim for negligence against Nextel. Accordingly, to the extent that the plaintiff has evidence supporting a claim for negligence, Nextefs motion for summary judgment is denied.
ORDER
For the foregoing reasons, the court ORDERS:
1) Nextel’s motion for summary judgment on the claims of conspiracy and misrepresentation is ALLOWED, and on the claim of negligence is DENIED.
2) Kovacs’ motion for summary judgment on all claims against him is ALLOWED.
3) 88 Beacon Street Realty, Inc.’s motion for summary judgment on all claims against it is ALLOWED.
4) Privitera’s motion for summary judgment on all claims against him is ALLOWED.
5) Finding that genuine issues of material fact exist as to Privitera’s counterclaim, Privitera’s motion for summary judgment on his counterclaim is DENIED.
6) GPI’s motion for summary judgment on all claims against it is ALLOWED.